**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
_____

**EARLE A. PARTINGTON,**

                              **Plaintiff,**

                   v.                                        1:10-CV-1962
                                                                                                          (FJS)

**JAMES W. HOUCK, Vice Admiral, JAGC, USN;**
**ROBERT A. PORZEINSKI, Captain, JAGC, USN;**
**ROBERT B. BLAZEWICK, Captain, JAG, USN;**
**C.N. MORIN, Captain, JAGC, USN; and**
**UNITED STATES COURT OF APPEALS FOR**
**THE ARMED FORCES,**

                              **Defendants.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **GRIFFITH & WHEAT, PLLC**<br>1050 17th Street, NW<br>Suite 600<br>Washington, D.C. 20036<br>Attorneys for Plaintiff | **JUDITH LYNNE WHEAT, ESQ.**<br>**KATHERINE VAN DYCK, ESQ.** |
| **DENNER PELLEGRINO, LLP**<br>4 Longfellow Place, 35th Floor<br>Boston, Massachusetts 02114<br>Attorneys for Plaintiff | **JEFFREY A. DENNER, ESQ.**<br>**PAUL J. ANDREWS, ESQ.** |
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>555 Fourth Street, NW<br>Room 10-413<br>Washington, D.C. 20530<br>Attorneys for Defendants | **MARINA UTGOFF BRASWELL, AUSA** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Currently before the Court are two motions: Defendants' motion for summary judgment in part and to dismiss in part and Plaintiff's motion for a preliminary injunction.

On May 17, 2010, Defendant James W. Houck, in his official capacity as the Judge Advocate General of the Navy (the "Navy JAG"), indefinitely suspended Plaintiff Earle A. Partington, a civilian attorney, from the practice of law in any and all proceedings involving Navy and Marine Corps personnel ("naval courts"). This decision followed an ethics investigation into Plaintiff's legal representation of AM1 Stewart Toles, II, U.S.N. ("Toles"), during a court-martial proceeding in Pearl Harbor, Hawaii. During the course of this representation, in July 2006, Toles was found guilty of several offenses and sentenced to a bad conduct discharge and five years' confinement. Thereafter, Plaintiff again represented Toles during the automatic appeal of his court-martial conviction; and, on October 30, 2007, the United States Navy-Marine Corps Court of Criminal Appeals (the "NMCCA") affirmed Toles' conviction. In its written opinion (the "*Toles* opinion"), the NMCCA expressed concern with Plaintiff's "unsavory tactics," finding particularly disconcerting various arguments that Plaintiff had proffered in a March 23, 2007 appellate brief he filed with the NMCCA. *See U.S. v. Toles*, 2007 WL 3307083 (N.M. Ct. Crim. App. Oct. 30, 2007). Plaintiff's suspension from the practice of law in naval courts led to the instant litigation.

Plaintiff's complaint contains four causes of action: (1) lack of statutory authority against the Navy JAG and Defendant United States Court of Appeals for the Armed Forces (the "CAAF"); (2) Fifth Amendment procedural due process violations against the Navy JAG and the

CAAF; (3) violations of the Administrative Procedure Act (the "APA") against the Navy JAG and the CAAF; and (4) a *Bivens* claim against Defendants James W. Houck ("Defendant Houck"), Robert A. Porzeinski ("Defendant Porzeinski"), Robert B. Blazewick ("Defendant Blazewick"), and C.N. Morin ("Defendant Morin") in their individual capacities.[1]

## II. BACKGROUND

In the *Toles* opinion, the NMCCA stated that it found several portions of Plaintiff's appellate brief "disingenuous," "clear misrepresentations of the record," or "wholly unsupportable by the record." The NMCCA then forwarded its opinion to the Assistant Judge Advocate General of the Navy on September 22, 2008, nearly one year after it issued the opinion. On October 10, 2008, the NMCCA informed Plaintiff that it had filed a "Professional Responsibility Complaint" against him with the Navy Rules Counsel; as authority, it cited JAG Instruction ("JAGINST") 5803.1C and Navy Judge Advocate General Rules of Professional Conduct ("Navy Rules") 3.1-3.3 and included a copy of the *Toles* opinion.[2] Plaintiff responded to this "Professional Responsibility Complaint" in a letter dated October 26, 2008, in which he challenged the authority of the Navy JAG to discipline him and his failure to specifically set forth his alleged professional responsibility violations.

Defendants ultimately brought fourteen different professional responsibility

---

[1] To be clear, Plaintiff has sued James W. Houck in both his individual capacity and his official capacity as the Judge Advocate General of the Navy. Accordingly, the Court's references to the "Navy JAG" are to James W. Houck, in his official capacity as Judge Advocate General of the Navy, and its references to "Defendant Houck" are to James W. Houck in his individual capacity.

[2] Defendants refer to the opinion as a "complaint" against Plaintiff in his capacity as Toles' defense counsel.

"specifications" against Plaintiff for allegedly knowingly-making false statements in his appellate brief submitted to the NMCCA on Toles' behalf. *See* Dkt. No. 12, Administrative Record ("AR"), at 59-61. Toles had been charged with, among other things, violations of the federal "video voyeurism" statute, 18 U.S.C. § 1801, for surreptitiously filming nude or partially nude women around the Navy base. The common alleged falsehood of Plaintiff's statements was his assertion that the military trial court judge had "dismissed" or "acquitted" Toles of the video voyeurism charges lodged against him when, in fact, he had not done so.[3]

Defendants now move for summary judgment with respect to Plaintiff's first, second, and third causes of action and to dismiss Plaintiff's fourth cause of action for failure to state a claim upon which relief can be granted. Plaintiff is seeking a preliminary injunction with respect to each of his claims, the substance of which is essentially the same as his original complaint.

### III. DISCUSSION

**A.    Defendants' motion for summary judgment in part and to dismiss in part**

Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex*

---

[3] Plaintiff explains that his intended legal argument was that the military judge had *effectively* "dismissed" or "acquitted" Toles of the video voyeurism charges lodged against him. The trial record is, in fact, quite confusing. On two occasions, the military trial court judge stated that he was entering a "finding of not guilty" with respect to the video voyeurism specifications against Toles. Defendants allege that, in doing so, the judge simply misspoke while intending to convey that he was rejecting Toles' attempt to plead guilty to those offenses and was instead entering *pleas* of not guilty — not *findings*. Defendants further contend that Plaintiff knowingly took those misstatements and grossly exaggerated them in his appellate brief to the point that he intentionally misrepresented the posture of the case in his appellate brief by claiming that the judge dismissed and/or acquitted Toles of those offenses. *See* AR at 65-66. Ultimately, Toles pled guilty to lesser included offenses of the video voyeurism charges and specifications.

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view all facts, draw all inferences, and resolve all ambiguities in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation omitted).

### 1. First cause of action: Lack of statutory authority against the Navy JAG and the CAAF

Plaintiff contends that the Navy JAG and the CAAF had no authority to discipline him or to issue rules and regulations providing for the discipline of civilian attorneys.

Article 36 of the Uniform Code of Military Justice ("U.C.M.J."), 10 U.S.C. § 836, authorizes the President of the United States, as Commander in Chief of the Armed Forces, to prescribe "[p]retrial, trial, and post-trial" procedural rules for courts-martial proceedings.  *See* 10 U.S.C. § 836(a).  Pursuant to that authority, the President has prescribed (and various presidents have amended) the Manual for Courts-Martial ("M.C.M.") by way of Executive Order.  *See, e.g.*, Executive Order 10214, 16 Fed. Reg. 1303 (February 10, 1951).  Included within the M.C.M. is the Rules for Courts-Martial ("R.C.M.").  *See* Rules for Courts-Martial, Manual for Courts-Martial (2008).

"The delegation of power to prescribe procedural rules governing courts-martial to the President in Article 36 of the UCMJ is a valid designation of power."  *U.S. v. Daniels*, 20 M.J. 648, 649 (C.M.R. 1985).  Rule 109 of the R.C.M. provides, in pertinent part, the following:

> Each Judge Advocate General is responsible for the professional supervision and discipline of military trial and appellate military judges, judge advocates, and **other lawyers** who practice in proceedings governed by the code and this Manual [for Courts-Martial].  To discharge this responsibility each Judge Advocate General may prescribe rules of professional conduct not inconsistent with this rule or this Manual.  Rules of professional

-5-

>           conduct promulgated pursuant to this rule may include sanctions
>           for violations of such rules. Sanctions may include but are not
>           limited to indefinite suspension from practice in courts-martial and
>           in the Courts of Criminal Appeals. Such suspensions may only be
>           imposed by the Judge Advocate General of the armed service of
>           such courts.

*See* Rules for Courts-Martial 109(a), Manual for Courts-Martial (2008) (emphasis added).

Accordingly, given the President's authority to prescribe procedural rules governing courts-martial proceedings, Rule 109 of the R.C.M. expressly authorizes the Navy JAG to discipline "other lawyers" — i.e., civilian defense counsel — with respect to the limited practice of law before naval courts.

Moreover, the provisions of JAGINST 5803.1C apply to all "covered attorneys," which includes "[a]ll civilian attorneys representing individuals in any matter for which JAG is charged with supervising the provision of legal services. These matters include . . . courts-martial . . . ." *See* JAGINST 5803.1C ¶ 4(b)(2); 32 C.F.R. § 776.2(b)(2). In the instant case, during the course of his representation of Toles, Plaintiff certified that he was familiar with, and agreed to abide by, "**all** Rules for Courts-Martial . . . set forth in the current editions of the Manual [for] Courts-Martial, United States, JAG INSTRUCTION 5803.1 series . . ., [and] the Uniform Rules of Practice Before Navy-Marine Corps Courts-Martial . . . ." *See* AR 1238 (emphasis added).

Therefore, pursuant to clear constitutional and statutory authority, the Court finds that the Navy JAG had the authority to initiate disciplinary proceedings and ultimately suspend Plaintiff, a civilian attorney, from the practice of law before naval courts. Furthermore, given Plaintiff's certification that he would abide by all rules and regulations for such proceedings, he cannot now reasonably assert that the naval court before which he argued lacked jurisdiction

over him to impose discipline.

Accordingly, since the Navy JAG had the authority to suspend Plaintiff, and Plaintiff consented to be bound by such authority, the Court grants Defendants' motion for summary judgment as to Plaintiff's first cause of action in its entirety.[4]

### *2. Second cause of action: Fifth Amendment procedural due process violations against the Navy JAG and the CAAF*

To succeed on a due process claim, a plaintiff must establish a deprivation of life, liberty, or property without due process of law. *See Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976); *Propert v. Dist. of Columbia*, 948 F.2d 1327, 1331 (D.C. Cir. 1991). Such a claim involves a two-pronged analysis: first, the plaintiff must show that he has been deprived of a liberty or property interest; second, he must show that this deprivation deprived him of due process. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quotation and other citation omitted).

Plaintiff alleges that the Navy JAG and the CAAF violated his Fifth and Fourteenth Amendment rights under the Due Process Clause in that the Navy JAG's pursuit of ethics violations against him deprived him of a liberty or property interest and an adequate opportunity to defend himself. *See* Complaint at ¶¶ 120-25. Plaintiff claims that he has a protected liberty or property interest in the practice of law and that his due process rights have been violated by

---

[4] With respect to the CAAF, Plaintiff only alleges that it lacked the authority to impose *reciprocal* discipline on him because the actions of the Navy JAG should be rendered null and void. Thus, because the Court finds that the Navy JAG did, in fact, have the authority to impose such discipline, the Court also dismisses this cause of action against the CAAF. Likewise, in Plaintiff's second and third causes of action, he makes no particularized showing as against the CAAF; and, therefore, the Court dismisses these claims against the CAAF as well.

Defendants' suspension of his law license in naval courts. Defendants, on the other hand, contend that the Navy JAG has neither suspended nor revoked Plaintiff's law license as it only suspended him from the practice of law in one limited jurisdiction, i.e., courts under the Navy JAG's cognizance.

To have a property interest in a benefit, the person "must . . . have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Property interests are created not from the Constitution itself, but from an independent source such as state law. *See id.* Plaintiff has cited no such independent source of law, state or federal, to support his argument that a lawyer has a constitutionally-protected property interest in his ability to represent clients before naval courts. Although Plaintiff's business may suffer as a result of his suspension, this alone is insufficient to warrant the relief Plaintiff seeks because Defendants have not wholly deprived him of his law license or his ability to practice law. Since Plaintiff has not demonstrated a legitimate claim of entitlement to the practice of law before these particular courts, the Court finds that Plaintiff has no cognizable property interest in this limited practice of law.

Plaintiff also alleges that he has a constitutionally-protected liberty interest in his ability to practice law in naval courts. Defendants cite to, among other cases, a Third Circuit opinion to support the proposition that there is no constitutionally-protected liberty or property right to engage in the practice of law in one particular jurisdiction because "'[s]tate actions that exclude a person from one particular job are not actionable in suits . . . brought directly under the due process clause. It is the liberty to pursue a calling or occupation, and not the right to a specific job, that is secured by the Fourteenth Amendment.'" *O'Donnell v. Simon*, 362 Fed. Appx. 300,

304 (3d Cir. 2010) (quotation omitted). *Cf. Goulding v. Feinglass*, 811 F.2d 1099, 1103 (7th Cir. 1987) (finding that, although the defendant's actions likely had a damaging impact on the attorney plaintiff's law practice, no liberty or property interest had been affected because the plaintiff's law license had not been revoked or suspended in any way). Here, although Plaintiff was suspended from the practice of law in naval courts and has shown subsequent impairment in his ability to practice law in several other jurisdictions in which he is licensed by way of reciprocal discipline,[5] Defendants' actions did nothing more than indefinitely exclude Plaintiff from one particular job, i.e., the practice of law before naval courts. *Cf. Schware v. Bd. of Bar Examiners*, 353 U.S. 232, 238-39 (1957) (finding that a person cannot be *completely excluded* from the practice of law or any other occupation in violation of the Constitution (citations and footnote omitted)). Accordingly, the Court finds that Plaintiff has no cognizable liberty interest in the limited practice of law before naval courts.

Therefore, since Defendants have not completely excluded Plaintiff from the practice of law, the Court concludes that Plaintiff has not identified an actionable liberty or property interest in the practice of law before naval courts. As such, the Court need not address what process is due or whether or not that process was provided to Plaintiff. Accordingly, the Court grants Defendants' motion for summary judgment as to Plaintiff's second cause of action in its entirety.

### 3. Third cause of action: Violations of the Administrative Procedure Act against the Navy JAG and the CAAF

Plaintiff alleges that the Navy JAG's decision to discipline him and the decision-making

---

[5] The Supreme Court of the State of Hawaii issued a show cause order to Plaintiff and ultimately suspended him from the practice of law for thirty days. In addition, Plaintiff avers that the District of Columbia and Oregon bars have initiated disciplinary investigations against him.

process in which it engaged was arbitrary, capricious, and based upon an improper interpretation of the law and the facts in violation of the APA. *See* Complaint at ¶ 128.

This case is unique in that it does not involve the typical agency action that is later questioned before a federal court. As a preliminary matter, although the parties did not raise it, the Court must determine whether the APA authorizes a federal district court to review and set aside the Navy JAG's allegedly improper investigation and discipline of a civilian attorney for professional responsibility violations. Generally, because military law "'"is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment,"'" "review by a civil court of a judgment issued by a military court is barred." *Piersall v. Winter*, 435 F.3d 319, 324 (D.C. Cir. 2006) (quotation and other citations omitted). As in *Piersall*, however, this case does not involve a request for judicial review of the judgment of a military court. *See id.* at 324-25. Rather, it involves the Navy JAG's imposition of discipline on civilian defense counsel. Although "'[t]he APA erects a "presumption of judicial review" at the behest of those adversely affected by agency action,'" *id.* at 323 (quotation omitted), Plaintiff can only sue an "agency" within the meaning of the APA to obtain the relief he seeks under the statute.

Indeed, a prerequisite to APA review is that the judicial challenge be to "agency action." *See* 5 U.S.C. § 702. Plaintiff is apparently attempting to sue both the Navy JAG and the CAAF as "agencies." The Court must, therefore, determine whether the Navy JAG or the CAAF qualify as an "agency" for purposes of the APA.

The APA defines "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency . . . ." 5 U.S.C. § 701. This

definition expressly excludes, among other entities, (1) "the Congress;" (2) "the courts of the United States;" (3) "the governments of the territories or possessions of the United States;" (4) "the government of the District of Columbia;" (5) "agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them;" (6) "courts martial and military commissions;" and (7) "military authority exercised in the field in time of war or in occupied territory[.]"  5 U.S.C. § 701(b)(1).

The D.C. Circuit has held that the CAAF (formerly the Court of Military Appeals) constitutes "a court in every significant respect, rather than an administrative agency." *Shaw v. United States*, 209 F.2d 811, 813 (D.C. Cir. 1954).  Accordingly, the Court dismisses this claim against the CAAF because it does not constitute an "agency" subject to APA review.

Plaintiff also apparently contends that the Navy JAG qualifies as an "agency" under the APA.  In the somewhat analogous and instructive case of *McKinney v. Caldera*, the enlisted plaintiff challenged his courts-martial conviction for obstruction of justice on the ground that serious acts of professional misconduct had tainted his trial.  *See McKinney v. Caldera*, 141 F. Supp. 2d 25 (D.D.C. 2001), *aff'd sub nom.*, *McKinney v. White*, 291 F.3d 851 (D.C. Cir. 2002). The plaintiff brought suit in the United States District Court for the District of Columbia alleging that the Judge Advocate General of the Army violated the APA by not adequately justifying his rejection of the plaintiff's request for post-trial military review;[6] as such, he was challenging the Judge Advocate General of the Army's allegedly improper imposition of discipline on him under the APA.  As a matter of first impression, the district court held that the Judge Advocate General

---

[6] The defendants were the Judge Advocate General of the Army and the Secretary of the Army, sued in their official capacities.

-11-

was not an "agency" under the APA.[7]  *See id.* at 35.  The plaintiff appealed.

In reviewing that decision, the D.C. Circuit held that "Congress' establishment, pursuant to Article I, Section 8 of the Constitution, of a separate judicial system for courts martial review is . . . convincing evidence that Congress could not have intended Judge Advocate General review of courts martial to fall within APA review of agency decisions."  *McKinney v. White*, 291 F.3d 851, 853 (D.C. Cir. 2002).  The D.C. Circuit did not frame its holding on the issue of whether or not the Judge Advocate General was an agency; yet, it did not dispute or overrule the findings of the district court, instead finding the case non-reviewable based on this "threshold jurisdictional issue."  *Id.*  Although the instant case does not involve judicial review of a courts-martial proceeding, the Court finds that it cannot grant the relief Plaintiff seeks under the APA because the Navy JAG is not an "agency" for purposes of the APA.

Therefore, since neither the Navy JAG nor the CAAF is an "agency" within the meaning of the APA, the Court dismisses Plaintiff's third cause of action in its entirety.

### *4. Fourth cause of action: Bivens claim against Defendants Houck, Porzeinski, Blazewick, and Morin in their individual capacities*

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 402 U.S. 388 (1971), the Supreme Court "'established that the victims of a constitutional violation by a federal agent have a right to

---

[7] In analyzing the applicable sections of the United States Code, the court noted that the Judge Advocate General of the Army's duties flow from the Secretary of the Army and that he is subordinate to the Department of the Army as a whole.  Likewise, specific to the Navy, the Judge Advocate General of the Navy's duties flow from the Secretary of the Navy, and he is subordinate to the Department of the Navy as a whole.  *See* 10 U.S.C. §§ 5013-14.  The Office of the Secretary of the Navy is included within the Department of the Navy; it is composed of, among other entities, the Judge Advocate General of the Navy.  *See* 10 U.S.C. §§ 5014(a), (b); *see also* 10 U.S.C. § 5148.

recover damages against the official in federal court despite the absence of any statute conferring such a right.'" *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (quotation omitted). Plaintiff alleges a *Bivens* claim against the individual Defendants and is seeking damages for violations of his Fifth Amendment due process rights.

As discussed, Plaintiff has not identified a constitutionally-protected Fifth Amendment liberty or property interest in the limited practice of law before naval courts. Since there is no cognizable liberty or property interest here, the Court need not address what process is due and whether that process was provided to Plaintiff. Nor does the Court need to analyze Plaintiff's *Bivens* claim any further because the only constitutional rights at issue concern potential due process violations.

Therefore, the Court grants Defendants' motion to dismiss Plaintiff's fourth cause of action in its entirety.

**B.    Plaintiff's motion for a preliminary injunction**

As stated, Plaintiff seeks an order preliminarily enjoining the Navy JAG and the CAAF from taking further action against him and setting aside or staying his suspension until the Court's final resolution of this case. The arguments that Plaintiff sets forth in support of this motion are substantially the same as those he asserts in support of his original complaint.

As to each of Plaintiff's causes of action, because the Court grants Defendants' dispositive motion in its entirety, the Court finds that Plaintiff cannot show that he is likely to succeed on the merits of his claims nor has he raised a serious legal question going to the merits of his claims. Therefore, the Court denies Plaintiff's motion for a preliminary injunction. *See Shirley v.*

*Sebelius*, 644 F.3d 388, 398-99 (D.C. Cir. 2011).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for summary judgement in part and to dismiss in part is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for a preliminary injunction is **DENIED**; and the Court further

**ORDERS** that Plaintiff's counsel's unopposed motion for leave to withdraw as counsel, filed by Judith Wheat and Katherine Van Dyck of the law firm Griffith & Wheat, PLLC, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for extension of time to effect service of process is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: January 10, 2012
          Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge